UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHNATHAN E. EMILIEN | CIVIL ACTION |
| VERSUS | NO. 15-0123 |
| STATE OF LOUISIANA, PARISH OF JEFFERSON, SGT. B. LEE, SGT. T. BERRIAN, DEPUTY H. SILL, DEPUTY G. DONALD | SECTION "H"(4) |

### ORDER AND REASONS

Before the Court is a **Motion to Amend (Rec. Doc. No. 25)** filed by the *pro se* plaintiff, Johnathan E. Emilien. The plaintiff seeks leave to file a second supplemental and amending complaint in connection with his 42 U.S.C. § 1983 civil rights action to add new factual and legal arguments related to his pending criminal proceedings and which he urges against Sgt. T. Berrian and two new defendants, Captain Frank Ingle and Jefferson Parish Sheriff Newell Normand.

Rule 15(a) of the Federal Rules of Civil Procedure governs the amendment of pleadings. It provides that leave to amend pleadings "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). This and other federal rules "reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v Gibson*, 355 U.S. 41, 48 (1957).

Rule 15(a) and (d) evinces a liberal policy and a motion to amend or supplement should not be denied absent a substantial reason to do so. *See Jacobsen v Osborne*, 133 F.3d 315, 318 (5th Cir. 1998). However, leave to amend or supplement is by no means automatic. *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993); *Addington v. Farmer's Elevator Mut. Ins. Co.,* 650 F.2d 663, 666 (5th Cir. 1981). The decision to grant or deny a motion for leave to amend or supplement lies within the sound discretion of the trial court. *Addington*, 650 F.2d at 666.

In exercising its discretion, the court may consider such factors as "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981). Leave to amend or supplement should be denied when doing so is required for fairness to the party opposing the motion. *Zenith Radio Corp. v. Hazeltime Research, Inc.*, 401 U.S. 321 (1971).

Emilien's original and first supplemental or amended complaints address specific instances of alleged excessive force and inadequate medical care at the Jefferson Parish Correctional Center and seek monetary compensation and other injunctive relief from the defendants, the State of Louisiana, the Parish of Jefferson, Sergeant B. Lee, Sergeant T. Berrian, Deputy H. Sill, Deputy G. Donald, Deputy Conlay, and Jean Llovet.

The claims presented in this second proposed supplemental or amended complaint, urged against Sergeant Berrian and two newly identified defendants, Captain Ingle and Sheriff Normand, challenges Emilien's criminal charges for which he claims he was never arrested. He acknowledges arrests for "Unauthorized Entry (att.), Possession of Heroin, and Contraband in Correctional Center" which led to his current confinement.[1] He also asserts that he later was advised by Lt. Abadie at the Jefferson Parish Correctional Center that he was being held on charges of attempted unauthorized entry, contraband, and possession of heroin, and on a parole violation and fugitive warrant, although he contends that the attempted unauthorized entry and contraband charges later were refused by the prosecution.

---

[1] Rec. Doc. No. 25-1, p. 2.

2

Emilien further complains that this list did not include the pending charge of resisting a police officer with force or violence for which he is now being brought to court. He contends that he was never arrested or booked on that charge and had no knowledge of it until he appeared in court in January of 2015. Emilien further alleges that his prosecution and detention related to the charge is illegal and the paper work on the charge is contradictory. He does not specifically indicate the relief sought from the three identified defendants.

The claims urged in the proposed pleading do not appear to be factually related to the conditions of Emilien's confinement, including the issues of excessive force, that are presented in the original and first amended complaint. The inclusion of these apparently unrelated claims would unnecessarily burden if not prejudice the defendants where there is no connexity or basis of liability alleged that is related to the claims or current defendants. Furthermore, the amendment or supplementation would be futile where Emilien has failed to allege any basis of liability against the three identified defendants in the proposed pleadings.

In addition, even if the charge is somehow related to the occurrences in the prison, the claims asserted relate directly to the validity of a pending criminal charge and the legality of his detention and prosecution related thereto. As a result, the supplement or amendment would be futile because the claims urged in the proposed pleading can not be heard at this time and are not claims for which relief can be granted by this Court.

In *Heck v. Humphrey*, the Supreme Court held that a claim under § 1983 is barred if success in the suit would necessarily imply the invalidity of an outstanding criminal conviction or his present confinement. *Heck v. Humphrey*, 512 U.S. 477 (1994). Before a plaintiff may proceed under § 1983 on claims challenging a criminal conviction or proceeding, he must show that "the conviction or

sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87; *see also Jackson*, 49 F.3d at 177; *Stephenson v. Reno*, 28 F.3d 26, 27-28 (5th Cir. 1994).

The same concern was later considered in the context of a pretrial detainee in *Mackey v. Dickson*, 47 F.3d 744 (5th Cir. 1995). The *Mackey* court instructed that, in the case of a pretrial detainee, if it is premature to determine whether the § 1983 claims for damages are barred by *Heck*, the district court could stay the proceedings until the pending case has run its course and the Court can determine the relationship between the claim and the ultimate conviction. *Mackey*, 47 F.3d at 746.

In the present case, Emilien's proposed pleading no doubt challenges the validity of the arrest, criminal proceedings, and detention related to the resisting a police officer charge. A ruling on such claims could impact the validity of those proceedings. His claims, therefore, would either be barred by *Heck* or subject to a possible stay pending a favorable outcome of the state charges under *Mackey*. *Johnson v. McElveen*, 101 F.3d 423 (5th Cir. 1996) (dismissal under *Heck* is with prejudice). In either case, inclusion of these claims in this civil rights suit would be prejudicial and essentially futile, where Emilien has not challenged the charges in this manner. A civil rights suit at this time is not an appropriate proceeding for pursuing the type of relief he seeks. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Clarke v. Stalder*, 121 F.3d 222, 226 (5th Cir. 1997), *reh'g en banc granted and opin. vacated*, 133 F.3d 940 (5th Cir. 1997), *rev'd in part on other grounds and opin. reinstated in relevant part*, 154 F.3d 186, 187 (5th Cir. 1998) (*en banc*); *Hernandez v. Spencer*, 780 F.2d 504, 504 (5th Cir. 1986).

Emilien, therefore, has failed to present any reason or just term for the Court to allow him to file the proposed supplemental or amended complaint into this civil rights action. Accordingly,

**IT IS ORDERED** that Emilien's **Motion to Amend (Rec. Doc. No. 25)** is **DENIED**.

New Orleans, Louisiana this  1st  day of May, 2015.

_____
**KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE**